UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BHP, INC.,
*d/b/a Global Power Components*,

        Plaintiff,

  v.

DAVID ACKERMAN and PAUL SNITKER,

        Defendants.

Case No. 25-cv-576-pp

---

BHP, INC.,
*d/b/a Global Power Components*,

        Plaintiff,

  v.

DEECEE ACKERMAN, GRIDCREST SOLUTIONS, LLC
and SARAH SNITKER,

        Defendants.

Case No. 25-cv-985-pp

---

## ORDER CONSOLIDATING CASES

On August 25, 2025, the court held a joint status conference in the above-captioned related cases to discuss the parties' plan for efficiently litigating them. The plaintiff in both cases argued that the court should consolidate the cases *sua sponte*. Because both cases involve common questions of fact and have at least one common legal issue, the court will consolidate the cases.

1

## I. Background

### A. The Wisconsin Case (25-cv-576)

On April 15, 2025, the plaintiff filed a complaint in Milwaukee County Circuit Court against its former employees David Ackerman and Paul Snitker. Case No. 25-cv-576, Dkt. No. 1-2. The complaint alleges that the defendants were subject to restrictive covenant agreements prohibiting them from competing with the plaintiff or soliciting the plaintiff's employees or customers for a period during and after their employment. Id. at ¶¶31–50, 64–84. The plaintiff alleges that the defendants breached these agreements by forming a competing business—Gridcrest Solutions, LLC—and that they diverted business opportunities from the plaintiff to Gridcrest for their own gain. Id. at ¶169. The Milwaukee County complaint brings a breach of contract claim against each defendant and seeks a temporary restraining order and temporary injunction against both defendants. Id. at ¶¶214–34.

On April 22, 2025, the defendants filed a notice of removal, removing the case from Milwaukee County Circuit court to this federal district court. Dkt. No. 1. On May 7, 2025, the defendants answered the complaint. Dkt. Nos. 8, 9. The plaintiff then filed an amended complaint asserting eight claims: (1) breach of contract against Snitker, (2) breach of contract against Ackerman, (3) breach of fiduciary duty against both defendants, (4) aiding and abetting breach of fiduciary duty against Snitker, (5) civil theft against both defendants, (6) conversion/dispossession against both defendants, (7) fraud/intentional misrepresentation against both defendants and (8) civil conspiracy against both

defendants. Dkt. No. 11. The federal amended complaint excluded the request for a temporary injunctive relief that the plaintiff had brought in state court. See Dkt. No. 1-2 at 43 (Milwaukee County Circuit Court motion for temporary restraining order). The defendants filed answers to the amended complaint and brought counterclaims for breach of contract, non-payment of wages, procuring cause and unjust enrichment against the plaintiff. Dkt. Nos. 12, 13. On July 2, 2025, the plaintiff moved to dismiss some of the defendants' counterclaims. Dkt. Nos. 18, 20.

On July 16, 2025, the defendants moved for a protective order to vacate or quash sixteen third-party subpoenas the plaintiff served allegedly seeking "the production of a broad range of business and personal financial records of Defendants, Defendants' spouses, and Gridcrest," dkt. no. 26 at 2; the defendants' spouses and Gridcrest are not parties to the Wisconsin case. On July 28, 2025, the court stayed briefing on the motion for protective order and the motions to dismiss the counterclaims pending an August 25, 2025 status conference. Dkt. No. 29.

B. The Texas Case (25-cv-985)

On April 29, 2025—two weeks after filing the complaint in Wisconsin state court—the plaintiff filed a petition and application for temporary restraining order, temporary injunction and permanent injunction against Gridcrest Solutions, LLC, Sarah Snitker and DeeCee Ackerman in state court in Dallas County, Texas. Case No. 25-cv-985, Dkt. No. 1 at 9. The plaintiff alleged that DeeCee Ackerman and Sarah Snitker—the then-and-current

3

spouses of David Ackerman and Paul Snitker—formed Gridcrest on behalf of their spouses, who actually control Gridcrest's operations. Id. at ¶¶66, 71. As it did in the Wisconsin complaint, the plaintiff alleged in the Texas complaint that Dave Ackerman and Paul Snitker are violating their restrictive covenant agreements and competing with the plaintiff through Gridcrest. The Texas complaint alleged four causes of action: (1) misappropriation of trade secrets against Gridcrest, (2) fraudulent nondisclosure against Gridcrest, (3) tortious interference with existing contracts against all defendants and tortious interference with business relations against Gridcrest and (4) unjust enrichment against all defendants. Id. at ¶¶102–153.

On May 2, 2025, DeeCee Ackerman filed a notice of removal, removing the case from Texas state court to the United States District Court for the Northern District of Texas, alleging jurisdiction based on diversity. Id. at 1–2. On May 12, 2025, the plaintiff filed a motion for leave to supplement the record with exhibits that were not included in the state court record prior to removal. Dkt. No. 11. The next day, the plaintiff filed a motion for a temporary restraining order and a preliminary injunction. Dkt. No. 13. After reviewing the plaintiff's motion to supplement the record and discovering that the exhibits contained numerous redactions, the Texas federal court directed the plaintiff to file a brief supporting its need for redactions and to refile unredacted versions of its exhibits in compliance with the court's sealing order. Dkt. No. 22.

In their response to the plaintiff's motion for a temporary restraining order, the defendants stated that the plaintiff had failed to notify the Texas

4

federal court of the pending Wisconsin case, which they alleged was a "virtually identical lawsuit seeking virtually identical relief." Dkt. No. 23 at 7. The Texas federal court took judicial notice of the Wisconsin case and determined that the Fifth Circuit's first-to-file rule could be implicated. Dkt. No. 33. The court ordered that by June 4, 2025, the parties must file a response brief "to address the applicability of this rule and, if it applies, the action which that party requests the Court take (i.e., stay, dismiss, or transfer the case)." Id.

On June 4, 2025, the defendants filed two motions to dismiss for failure to state a claim. Dkt. Nos. 34, 35. The same day, the defendants filed a brief arguing that the first-to-file rule applied, and that the Texas case should be stayed rather than transferred because it was unclear whether the Wisconsin court would have personal jurisdiction over the defendants. Dkt. No. 36. The plaintiff filed a brief arguing that the court should not apply the first-to-file rule, in part because the Wisconsin court might dismiss the claims against the defendants due to lack of personal jurisdiction, preventing the claims against them from being assessed on the merits. Dkt. No. 37.

On June 17, 2025, the Texas court issued an order finding that:

> (i) [The plaintiff's] action in this Court substantially overlaps with [the plaintiff's] earlier filed action pending in the U.S. District Court for the Eastern District of Wisconsin, styled BHP, Inc. d/b/a Global Power Components v. David Ackerman and Paul Snitker, Civil Act. No. 2:25-CV-00576-PP, because the core issues are the same and much of the proof likely to be adduced is identical, (ii) there are no compelling circumstances which by which the Court might properly disregard the first-to-file rule, and (iii) since the Court finds the first-to-file rule applies, the proper course of action for the Court is to transfer this action to the U.S. District Court for the Eastern District of Wisconsin where the first-filed action is pending.

5

Dkt. No. 38. The Texas court ordered that the transfer would be stayed for twenty-one days to allow the parties to file any objections. Id.

On June 20, 2025, the plaintiff filed a motion requesting an extension of time to respond to the defendants' pending motions to dismiss "until the Wisconsin Court decides to dismiss, stay, or transfer and consolidate this case" with the Wisconsin action. Dkt. No. 39 at 1. The Texas court granted the plaintiff an extension until August 1, 2025, and ordered that any further extension requests should be directed to the Wisconsin court (this court). Dkt. No. 40.

The parties did not file any objections to the transfer, and on July 9, 2025, the Texas case was transferred to this court. Dkt. No. 41. Two days later, the plaintiff filed a motion asking the court set a status conference and to stay briefing on the pending motions to dismiss. Dkt. No. 44. The defendants opposed the request to stay briefing. Dkt. No. 46. On July 25, 2025, the defendants filed a motion to dismiss for lack of jurisdiction. Dkt. No. 48.

The court granted the plaintiff's motion for a status conference and stayed all briefing deadlines pending the August 25, 2025 status conference. Dkt. No. 49.

    C.    <u>August 25, 2025 Status Conference</u>

The court held the joint status conference on August 25, 2025. Case No. 25-cv-576, Dkt. No. 32; Case No. 25-cv-985, Dkt. No. 52. The court asked the parties about their plans for streamlining the litigation of the cases, opining that it did not make sense for the cases to proceed in piecemeal fashion. Case

6

Case 2:25-cv-00576-PP    Filed 08/29/25    Page 6 of 12    Document 35

No. 25-cv-576, Dkt. No. 34; Case No. 25-cv-985, Dkt. No. 54. The plaintiff argued that the court should *sua sponte* consolidate the cases and allow the plaintiff to file a global amended complaint within thirty days; that amended complaint would include allegations that would demonstrate that this court has personal jurisdiction over the defendants in the former Texas case. Id. The plaintiff stated that there was Seventh Circuit and Western District of Wisconsin authority allowing the court to consolidate cases without a motion from either party. Id. The plaintiff cited two cases in support of this proposition: SanDisk Corp. v. Phison Electronics Corp., 538 F.Supp.2d 1060, 1068 (W.D. Wis. 2008) and E.E.O.C. v. G-K-G, Inc., 39 F.3d 740, 745 (7th Cir. 1994). Id. The defendants responded that they did not necessarily oppose consolidation but that they believed that the court first should resolve the defendants' pending motion to dismiss in the Texas case. Id. The defendants argued that if the court determined that it lacked personal jurisdiction over DeeCee Ackerman, Sarah Snitker and Gridcrest, it would be required to dismiss that case, which would obviate the need for consolidation. Id.

The court advised the parties that it would consider their arguments and issue a ruling later. Id. The court ordered that discovery in both cases, including any responses to already-served discovery, was stayed until further order of the court. Id.

After the status conference, the plaintiff's counsel filed a letter in both cases stating that the case citations he'd provided during the hearing did not actually relate to the court *sua sponte* consolidating cases, conceding that he

7

had provided those cites in error. Case No. 25-cv-576, Dkt. No. 33; Case No. 25-cv-576, Dkt. No. 53. Counsel apologized for the error and cited several other cases that he asserts support the court's authority to consolidate *sua sponte*. Id. (citing Ryan v. Ford Next LLC, Case No. 24-CV-813, 2025 U.S. Dist. LEXIS 58359, *22 (E.D. Wis. Mar. 28, 2025); Conn. Gen. Life Ins. Co. v. Sun Life Assurance Co. of Canada, 210 F.3d 771, 774 (7th Cir. 2000); Disher v. Citigroup Global Mkts., Inc., 487 F. Supp. 2d 1009, 1013-14 (S.D. Ill. 2007); Smith v. Northeastern Ill. Univ., Case No. 98 C 355, 2002 U.S. Dist. LEXIS 3883, *18-19 (N.D. Ill. Feb. 28, 2002)).

## II.     Legal Standards

Rule 42(a) of the Federal Rules of Civil Procedure states:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>     (1) join for hearing or trial any or all matters at issue in the actions;
>     (2) consolidate the actions; or
>     (3) issue any other orders to avoid unnecessary cost or delay.

The Seventh Circuit reviews a district court's decision on consolidation "only for abuse of discretion." Star Ins. Co. v. Risk Marketing Group, Inc., 561 F.3d 656, 660 (7th Cir. 2009) (citation omitted). "In deciding whether to consolidate cases, courts exercise broad discretion and try to consolidate where possible." SJ Props Suites, BuyCo, EHF v. Dev. Opportunity Corp., Case Nos. 09-cv-533, 09-cv-569, 2009 WL 3790009, at *1 (E.D. Wis. Nov. 12, 2009) (citing United States v. Knauer, 149 F.2d 519, 520 (7th Cir. 1945)). "Consolidation is preferred to avoid unnecessary duplication of efforts in related cases and

8

promote judicial economy and efficiency." Id. (citations omitted). Courts should decline to consolidate if consolidation would lead to confusion or prejudice. Id.

"A court can in appropriate circumstances consolidate cases before it . . . whether or not the parties want the cases consolidated." Conn. Gen., 210 F.3d at 774 (citing Fed. R. Civ. P. 42(a); 28 U.S.C. §1404; Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc., 180 F.3d 896 (7th Cir. 1999); Evans Transportation Co. v. Scullin Steel Co., 693 F.2d 715 (7th Cir. 1982)); see also Disher, 487 F. Supp. 2d at 1013–14 (citing Conn. Gen. and collecting district court cases holding the same); Ryan, Case No. 24-CV-813, 2025 WL 947535, at *8 (stating that *sua sponte* consolidation is permissible).

### III. Analysis

The court will exercise its power to *sua sponte* consolidate these two cases because they involve a common question of law or fact. The operative facts alleged in both cases are materially the same. Both cases involve David Ackerman and Paul Snitker's employment with the plaintiff, their alleged formation of Gridcrest with the assistance of DeeCee Ackerman and Sarah Snitker and the alleged competitive activities in which David and Paul engaged on behalf of Gridcrest. Although the plaintiff brought the Texas case against DeeCee, Sarah and Gridcrest, most of the factual allegations relate to David and Paul's actions. The amended complaint in the case originating in Wisconsin also alleges that DeeCee and Sarah were involved in the formation of Gridcrest. There also is at least one common question of law. The validity of David and Paul's restrictive covenant agreements is an element at issue in both

9

the plaintiff's tortious interference with existing contract claim in Case No. 25-cv-985 and the breach of contract claims in Case No. 25-cv-576.

Both cases will need to develop the same factual record. If the court does not consolidate the cases, that could involve seeking the same written discovery and deposing the same witnesses about the same facts twice. Having the cases proceed separately would be inefficient for both the parties and the court, and would risk inconsistent outcomes depending on how the record develops in both cases. Courts have found common issues of fact justifying consolidation in similar circumstances. See Ikerd v. Lapworth, 435 F.2d 197, 204 (7th Cir. 1970) (two cases arising out of the same accident were "prime subjects for consolidation under the policy that considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event"); Snyder v. Trihydro Corp., Case No. 23-CV-03152, 2024 WL 4381326, at *1 (S.D. Ill. Oct. 3, 2024) (consolidation warranted where "each complaint contain[ed] nearly identical operative facts and allegations" and concerned the same injury to the plaintiff). The common questions of fact and law weigh in favor of consolidation.

The court also must consider whether prejudice will result to any party from the consolidation. The defendants argued at the status conference that the court first should decide the motion to dismiss for lack of personal jurisdiction in Case No. 25-cv-985 (the case originating in Texas) because if court were to grant that motion, it would obviate the need for consolidation. But that argument assumes (1) that the court would find that it does not have

10

personal jurisdiction over DeeCee Ackerman, Sarah Snitker and Gridcrest and (2) that the court would not allow the plaintiff to amend the complaint to try to plead facts establishing that personal jurisdiction. The plaintiff originally filed the complaint in Case No. 25-cv-985 in Texas state court. When it filed the case in *Texas*, the plaintiff did not anticipate needing to plead facts supporting personal jurisdiction in *Wisconsin*. It was the defendants' removal of the case from Texas state court to federal court, and the subsequent transfer of the case from Texas federal court to this federal court that raised the question of whether this court has personal jurisdiction over the defendants. Even if the court ruled first on the motion to dismiss and found that the complaint in the Texas case did not state a basis for a Wisconsin court to exercise personal jurisdiction, under these circumstances the court likely would give the plaintiff leave to amend. Ruling first on the motion to dismiss the Texas case for lack of personal jurisdiction would not save time or resources compared with first consolidating the case and then giving the plaintiff leave to amend the complaint in the consolidated case (as the plaintiff requested). The defendants will have the opportunity to re-raise any jurisdictional challenges after the plaintiff files an amended complaint in the consolidated case. The court finds that little or no prejudice will result to any party from consolidation.

Although the plaintiff brought both cases against different (albeit related) defendants and although they involve different causes of action, those differences do not outweigh the factual and legal similarities and the efficiency concerns that warrant consolidating these cases. The court will *sua sponte*

consolidate Case Nos. 25-cv-576 and 25-cv-985, and will give the plaintiff the opportunity to file a single, amended complaint in the consolidated case.

## IV. Conclusion

The court **ORDERS** that Case Nos. 25-cv-576 and 25-cv-985 are **CONSOLIDATED**.

Under Civil Local Rule 42(b) (E.D. Wis.), the court **ORDERS** that going forward, the parties must caption all pleadings and other filings using the consolidated case caption for this case and that all pleadings and filings must be filed and docketed only in the lower-numbered case (Case No. 25-cv-576). The court **ORDERS** that the Clerk of Court must place a notation on the docket sheet for both cases stated that Case No. 25-cv-576 is the lead case and that Case No. 25-cv-985 is a member case.

The court **ORDERS** that by the end of the day on **October 3, 2025**, the plaintiff must file a global amended complaint. Going forward, this amended complaint will be the operative complaint in both cases. The defendants must file an answer or responsive pleading to the amended complaint within the time set by the Federal Rules of Civil Procedure.

Dated in Milwaukee, Wisconsin this 29th day of August, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**